Belknap,
Oct. 3, 1916.

## EDWARD A. PAUL & a. *v.* EDWARD A. WIGGIN.

The rights of parties to a deed of timber, which provides that timber not cut and removed by a certain date shall become the property of the grantor, is not ordinarily to be ascertained by calling one part of an undivided agreement a grant and the other a forfeiture, but by determining what the parties meant by the language they used.

BILL IN EQUITY, to restrain the defendant from entering the premises of the plaintiffs and removing certain timber therefrom. By agreement of parties the only question submitted to the court was the construction of the deed from the plaintiffs to the defendant.

October 31, 1910, the plaintiffs conveyed to the defendant all the pine, hemlock and oak trees, eight inches and upward in diameter where cut, and all elm, ash, bass and beech trees twelve inches and upward in diameter, suitable for lumber, then standing on the premises conveyed. The deed provided that the defendant had the right "to enter upon said premises with men and teams to cut and remove said timber at any time before January 1, 1913, all timber not removed before that date should become the property of said grantors," and also that "the buyer or his agents or assigns had the privilege of placing a portable mill upon the lumber lot and sticking lumber thereon; all sawed lumber to be removed on or before June 1, 1913." No mill was erected.

The defendant's claim is that by the terms of the deed he had the right to draw the logs off prior to June 1, 1913, unsawed; while the plaintiffs contend that the defendant did not have the right to move unsawed lumber after December 31, 1912.

The court found that the parties did not intend that the defendant had the right to cut any timber after December 31, 1912, that

he might remove all that had been cut, whether sawed or unsawed, before January 1, 1913, and that all of the unsawed lumber remaining on the premises January 1, 1913, became the property of the plaintiffs. To this construction of the deed the defendant excepted.

Transferred from the October term, 1915, of the superior court by *Kivel*, J.

*Oscar L. Young* and *Owen & Veazey* (*Mr. Young* orally), for the plaintiffs.

*Bertram Blaisdell* and *Martin & Howe* (*Mr. Howe* orally), for the defendant.

PEASLEE, J. The rights of the parties are determined by ascertaining what they meant by the language they used to express their contract. Their purpose is not ordinarily discovered by calling one part of their brief and undivided agreement a grant and another part a forfeiture, and then applying certain technical rules to each part. It seems entirely evident that to these men their contract meant that the defendant bought so much lumber as he cut and removed from the premises before January 1, 1913. What he did not so cut and remove belonged to the plaintiffs. It is highly improbable that they ever contemplated a severance of the trees from the land by a fiction of law, or that they understood they were providing for a penalty which the law might not recognize. To their minds it was a plain and simple agreement for the sale of such timber as was both cut and removed before the date agreed upon. There was no substantial error in the ruling made in the superior court.

*Exception overruled.*

All concurred.